IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 07-cr-00282-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WILLIAM HENRY SMITH,

    Defendant.

## ORDER GRANTING MOTION FOR ENDS OF JUSTICE CONTINUANCE

**Blackburn, J.**

This matter is before me on the defendant's **Unopposed Motion for Ends of Justice Continuance of Deadline To File Pretrial Motions** [#17], filed November 19, 2007. The motion is unopposed and is granted.

The motion implicates the Speedy Trial Act of 1974 codified at **18 U.S.C. § 3161-74**. Specifically, the motion implicates **18 U.S.C. § 3161(h)**, which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: (8)(A) Any period of delay resulting from a continuance granted by any judge ... at the request of the defendant, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**18 U.S.C. § 3161(h) and (h)(8)(A).**

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a

speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill,*** 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* **18 U.S.C. § 3161(c)(1)**; ***United States v. Lugo***, 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. **See 18 U.S.C. § 3161(h)(1)-(9)**. Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting **18 U.S.C. § 3161(h)(8)(A)**).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section **3161(h)(8)(A)**, certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in section **3161(h)(8)(B)**:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case

> which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

**18 U.S.C. § 3161(h)(8)(B)(i) - (iv)**. After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." ***Id***., **§ 3161(h)(8)(A)**. Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" ***Hill***, 197 F.3d at 441 (quoting ***United States v. Doran***, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" ***Id***. (quoting ***Doran***, 882 F.2d at 1516).

Defense counsel indicates that the factual scenario at issue in this case requires defense counsel to conduct additional investigation before determining what pretrial motions, if any, should be filed. The defendant seeks an additional 60 days to accomplish these tasks. Given these circumstances of this case, I conclude that defense counsel will not have a reasonable opportunity to prepare any motions that may need to be filed absent a provision for some additional time to complete these efforts. Therefore, I find that it is unreasonable to expect adequate preparation by defense counsel for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).

I have considered the factors which I must under **18 U.S.C. § 3161(h)(8)(B)(i)-(iv)**. As required by **18 U.S.C. § 3161(h)(8)(C),** I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

1. That failure to grant a continuance of trial beyond the time initially prescribed by **18 U.S.C. § 3161(c)** would likely result in a miscarriage of justice within the meaning of **18 U.S.C. § 3161(h)(8)(B)(i)**;

2. That even considering due diligence, failure to grant the motion would deny counsel for the defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of **18 U.S.C. § 3161(h)(8)(B)(iv)**; and

3. That, therefore, the ends of justice that will be served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of **18 U.S.C. § 3161(h)(8)(A)**.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Unopposed Motion for Ends of Justice Continuance of Deadline To File Pretrial Motions** [#17], filed November 19, 2007, is **GRANTED**;

2. That all non-CJA[1] pretrial motions shall be filed by no later than close of business on **January 23, 2008**;

3. That a response to a timely filed pretrial motion shall be filed within eleven (11) days of the filing of the pretrial motion;[2]

---

[1] "CJA" are the initials for **C**riminal **J**ustice **A**ct codified at **18 U.S.C. § 3006A**.

[2] Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be

4. That the telephonic motions hearing setting conference set for December 10, 2007, at 10:00 a.m., is **VACATED**;

5. That all timely filed pretrial motions that the court determines should be set for hearing shall be set for hearing at a telephonic motions' hearing setting conference on **February 11, 2008, at 10:00 a.m.**, at which the defendant need not appear or participate; provided, furthermore, that if no motions are timely filed, then the telephonic motions' hearing setting conference shall be converted to a telephonic trial setting conference; and

6. That counsel for the government shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference.

Dated November 26, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

obtained before such papers may be filed.  A request for leave to file such a paper shall not be contained or included in the paper sought to be filed.